# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN T. CHRISTIE, | ) |
| Plaintiff, | ) ) ) |
| | ) 2:17-cv-00611 |
| v. | ) ) |
| OAKLAND V.A. ADMINISTRATION, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

**Mark R. Hornak, Chief United States District Judge**

### I. BACKGROUND

Plaintiff Brian Christie, a Vietnam War veteran acting *pro se*, filed his Complaint (ECF No. 1) in this Court on May 11, 2017, alleging a claim for medical negligence for the care and treatment he received at the Oakland V.A. Medical Center. He alleges that he was given substandard care resulting in a brain aneurism. (ECF No. 1–1.)

He sought assistance from the Court to obtain legal counsel, given the complexity of his lawsuit and his inexperience in the medical and legal matters involved. The Court contacted the Academy of Trial Lawyers of Allegheny County, and thereafter attorney Peter Giglione entered his appearance as counsel of record. (ECF No. 26.) However, the Court later granted Giglione's motion to withdraw. (ECF No. 39.) On the same date, October 8, 2018, the Court administratively closed the case and instructed Plaintiff to file a Certificate of Merit as required under Pennsylvania law within sixty (60) days. (*Id.*)

On January 25, 2019, the Court received a letter from Plaintiff describing his account of records he had found and the names of the doctors that he says mistreated him. (ECF No. 40.) On April 2, 2019, the Court issued a Memorandum Order again directing Plaintiff to file a

1

Certificate of Merit and describing the form such Certificate could take under Pa. R. Civ. P. 1042.3(a)(1)&(e). (ECF No. 46.)

On May 2, 2019, the Court received another letter from Plaintiff, which: (a) stated that he had contacted state and county courts and those courts did not want to be involved in his case; and (b) set forth his own description and account of his mistreatment. (ECF No. 47.) This correspondence did not include a written statement by a licensed professional, or a certification that expert testimony of a licensed professional was unnecessary. (*Id.*)

The United States filed a Motion for Summary Judgment. (ECF No. 49.) Plaintiff did not respond to the Motion. The Court has reviewed the Motion, the briefing in support therein, all applicable law, and the record in this case, and the matter is ripe for the Court's disposition.

## II.  DISCUSSION

Defendant has moved for summary judgment on the grounds that he did not attach the requisite Certificate of Merit to his Complaint.

### A. Legal Standard

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element on which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is

2

"material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations or denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The nonmoving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109–10 (3d Cir. 1985).

### B. Analysis

Plaintiff asserts a claim against the United States of America under the FTCA that the doctors and staff at the Oakland V.A. Medical Center were negligent in treating him, which resulted in a brain aneurysm. (ECF No. 1.)

The FTCA requires that this Court apply the tort laws of the state in which the alleged state arose; here, Pennsylvania. *See Gould Elec. Inc. v. United States*, 220 F.3d 169, 179 (3d Cir. 2000). In its Motion for Summary Judgment, Defendant asserts that Plaintiff's FTCA claims against the United States should be dismissed because he failed to file the requisite Certificate of Merit ("COM"). Pennsylvania Rule of Civil Procedure 1042.3 requires that a plaintiff asserting a professional negligence claim file a COM from a medical expert.

Rule 1042.3 of the Pennsylvania Rules of Civil Procedure requires a person bringing a claim of medical malpractice or a negligence to file a COM either with the complaint or within 60 days of filing the complaint. Pa. R. Civ. P. 1042.3. This requirement's purpose is "to assure

3

that malpractice claims for which there is no expert support will be terminated at an early stage in the proceedings." *Chamberlain v. Giampapa*, 210 F.3d 154, 160 (3d Cir. 2000). Rule 1042.3 is a rule of substantive law applicable in federal court. *See Perez v. Griffin*, 304 F. App'x 72, 74 (3d Cir. 2008) ("Rule 1042.3 is a substantive state law that federal district courts must apply.") This requirement applies to both represented plaintiffs and *pro se* plaintiffs. *Id.*

Here, Plaintiff was required to file a COM confirming that there was expert support for the proposition that Defendant was negligent in its care of Plaintiff, and that its negligence proximately cause his injuries. In the alternative, he could file a certification that expert testimony of an appropriate licensed professional is unnecessary, in which case he would not be permitted to present such testimony at trial. Plaintiff filed his Complaint on May 11, 2017. More than sixty days have passed since then, and so he may no longer amend his Complaint to include a COM. *See* Rule 1042.3.

Pursuant to the panel of the Third Circuit's reasoning in *Perez*, unless Plaintiff can show a reasonable explanation or legitimate excuse for his failure to timely file a COM, his FTCA medical malpractice claim is subject to dismissal without prejudice. In *Perez*, the Court observed that "failure to comply with Rule 1042.3 is not fatal to claims of professional liability if the Plaintiff can show 'reasonable excuse' for the noncompliance." *Perez*, 304 F. Appx. at 74 (quoting *Womer v. Hilliker*, 908 A.2d 269, 279–80 (Pa. 2006)). "Under Pennsylvania law, a court may consider two equitable exceptions when a plaintiff has improperly failed to file a COM: whether the plaintiff has substantially complied with Rule 1042.3 and whether the plaintiff has offered a reasonable explanation or legitimate excuse for failure to comply." *Ramos v. Quien*, 631 F. Supp. 2d 601, 611 (E.D. Pa. 2008) (citing *Womer*, 908 A.2d at 276, 279).

Neither exception applies here. Plaintiff has not substantially complied with the Rule's requirements. Nor has he presented a "reasonable explanation or legitimate excuse for non-compliance" with the COM requirement. The Court has informed Plaintiff of this requirement and has also granted extensions by repeatedly resetting the clock on when Plaintiff needed to file the COM.

The Court concludes that Plaintiff's filing at ECF No. 47, which again lays out his allegations and describes his personal efforts to find his medical records, and names several doctors whom he alleges treated him, is not a COM as contemplated by Pennsylvania law. The filing does not make either of the affirmative assertions required under Rule 1042.3(a)(1) & (3).

Consequently, the United States is entitled to summary judgment in this matter, and Plaintiff's FTCA claims against the United States will be dismissed for failure to file a COM. *See Hodge v. United States*, 372 F. App'x 264, 267 (3d Cir. 2010) (in the absence of a COM, FTCA claim fails as a matter of law).

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment will be granted. An appropriate Order will follow.

Mark R. Hornak
Chief United States District Judge

Dated: July 31, 2019

cc: All counsel of record
    Mr. Brian Christie

5